UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GROVE CITY GARAGE DOOR, INC.,

      Plaintiff,

                                    Case No. 2:15-cv-1266
     v.                            CHIEF JUDGE EDMUND A. SARGUS, JR.
                                      Magistrate Judge Terence P. Kemp

MICHELLE LANDRUM,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Default Judgment (ECF No. 10), and Defendant's Motion for Leave of Court to File Amended Answer (ECF No. 11). Plaintiff has filed a Memorandum in Opposition to Defendant's Motion for Leave to File an Amended Answer (ECF No. 12), and Defendant has filed a reply (ECF No. 13).

I.

Defendant's answer to Plaintiff's complaint was due on May 11, 2015. (ECF No. 5.) On June 4, 2015, the Clerk of Court entered a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure based on Defendant's failure to defend this Suit. (ECF No. 7.) Defendant Landrum ("Landrum"), proceeding *pro se*, filed a response on June 10, 2015 (ECF No. 8), seeking dismissal of the law suit, and providing attachments as evidence that she had ceased to operate the web site "Grove City OH Garage Door Service," which Plaintiff alleges had infringed on Plaintiff's trademarked domain name www.grovecitygaragedoor.com.

Although the default had been entered by the Clerk of Court on June 4, 2015, Plaintiff failed to move the Court for entry of the default as prescribed by the Court's local rules. On July

24, 2015, the United States Magistrate Judge entered an Order (ECF No. 9) directing Plaintiff to show cause within 15 days why the action should not be dismissed pursuant to Local Rule 55.1(b), which provides:

> (b)  If a party obtains a default but does not, within a reasonable time thereafter, either file a motion for a default judgment or request a hearing or trial on the issue of damages, the Court may by written order direct the party to show cause why the claims upon which the default was entered should not be dismissed for failure to prosecute.

In response to the Order of the Magistrate Judge, on August 10, 2015, Plaintiff filed the Motion for Default Judgment (ECF No. 10) at issue, and requested a hearing pursuant to 15 U.S.C. § 1116 on injunctive relief, damages, lost profits, and attorneys' fees.   In response, on August 20, 2015, Defendant Landrum filed a Motion for Leave of Court to File Amended Answer (ECF No. 11), and proffered that, unable to afford legal representation, and unfamiliar with the laws, she originally "sent the Plaintiff's attorney the plea by mistake; only to realize this once the attorney replied stating we needed to send the plea to the courts." (ECF No. 11, at 1.)  Landrum submitted the proposed answer with the motion.  (ECF No. 11-1.)

## II.

The standard for evaluating a motion for leave to amend is set forth in Fed. R. Civ. P. 15(a), which provides that leave shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court, commenting on the mandate in Rule 15(a), stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"

*Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Leave to amend is "within the sound discretion of the trial court," which must "announce some reason for its decision." (*Id.*).

In the case *sub judice*, Landrum has proffered that she is *pro se*, and mistakenly filed her initial pleading with opposing counsel rather than the Court.  In applying the factors set forth above, the Court finds that there is no assertion of undue delay, bad faith, or repeated failures to cure deficiencies by amendments previously allowed. Rather, Plaintiff asserts that the motion should be denied because Defendant has been dilatory, and because amendment is futile.  (ECF No. 12, at 2-4.)  In support of these contentions, Plaintiff asserts that "Plaintiff would never have had to file this lawsuit had it not been for Defendant's obstructive and dilatory attitude." (ECF No. 12, at 2-3.)  Plaintiff's argument focusing on Landrum's alleged conduct leading up to the filing of the law suit does not relate to conduct involving the request for leave to file the pleading at issue.  Thus, this argument misses the mark.

Plaintiff's second argument, focusing on the futility of amendment, is similarly unavailing.  Plaintiff argues that Landrum's "admissions regarding her ownership and maintenance of the Infringing Website are sufficient to support a finding of liability if Plaintiff can establish the remaining factors" (requirements for establishing a violation for trademark infringement and unfair competition under 15 U.S.C. § 1114 and 1125(a)).  (ECF No. 12, at 3.) However, Defendant's answer must be properly before the Court before the Court will be able to assess any such alleged admissions.

Finally, the Court must weigh the prejudice component of the Rule 15(a) analysis.  The Sixth Circuit, in *Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999), discussed the importance of the prejudice component of the Rule 15(a) analysis:

3

To deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). The *Moore* case emphasizes the need for the district court to give reasons for its decision, and the importance of naming prejudice to the opponent. The court noted that "delay alone, regardless of its length is not enough to bar it [amendment] if the other party is not prejudiced." *Moore*, 790 F.2d 557, 560 (quoting 3 Moore's Federal Practice ¶15.08 at 15.76).

The *Moore* Court cited to the analysis in *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir 1982), wherein the Sixth Circuit explained that "[t]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of the pleadings." (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). The Court further stated that it is especially true when denial of the amendment would result in dismissal of the action. *Tefft* at 639, citing *John M. Peters Construction Co. v. Marmar Corp.*, 329 F.2d 421 (6th Cir. 1964).

In the case at bar, rejection of the amendment would preclude Defendant the opportunity to be heard on the merits. Further, Plaintiff presents no argument that prejudice would result from permitting the filing of the amended answer. "In light of the authority in this Circuit, particularly *Tefft*, indicating a requirement of at least some significant showing of prejudice and manifesting liberality in allowing amendments," *Moore*, at 562, the Court finds that granting leave to amend is appropriate in this instance.

## III.

Accordingly, Defendant's Motion for Leave of Court to File Amended Answer (ECF No. 11) is **GRANTED**, and Plaintiff's Motion for Default Judgment (ECF No. 10) is **DENIED** as moot.

**IT IS SO ORDERED.**

2-17-2016
_____
**DATE**

_____
EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

4