UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GROVE CITY GARAGE DOOR, INC.,

        Plaintiff,

                                         Case No. 2:15-cv-1266
    v.                                  CHIEF JUDGE EDMUND A. SARGUS, JR.
                                         Magistrate Judge Terence P. Kemp

MICHELLE LANDRUM,

        Defendant.

## ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Summary Judgment. (ECF No. 18). Defendant has failed to file a memorandum in opposition. This does not in itself entitle Plaintiff to summary judgment. The Supreme Court has explained that the burden on the nonmovant to respond to a motion for summary judgment arises only if the motion is properly "supported" as required by Fed R. Civ. P. 56(c) (hereinafter "Rule"). Accordingly, summary judgment is appropriate under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the supporting evidence fails to meet this burden, "summary judgment must be denied even if no opposing evidentiary matter is presented." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598. Thus, the moving party must demonstrate that no genuine issue of material fact remains for trial and the moving party is entitled to judgment as a matter of law. *Id.* at 161. In the case *sub judice*, the Court has thoroughly examined Plaintiff's Motion and supporting materials, including the facts considered undisputed, and finds that Plaintiff's Motion is well taken. Rule 56(e).

Plaintiff's suit alleges violations of  trademark infringement under the Lanham Act, 15 U.S.C. §1114; unfair competition, passing off, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); cybersquatting under the Lanham Act, 15 U.S.C. §1125(d); deceptive trade practices under O.R.C § 4165.02 and Ohio common law; and unfair competition and trademark infringement under Ohio common law, arising from Defendant's alleged unauthorized use of Plaintiff's GROVE CITY GARAGE DOOR trademark in online websites and advertising. (ECF No. 1.)  Defendant has admitted creating a website with the words GROVE CITY GARAGE DOOR in the site and in the title; trying to use the website to pose as a local business; and that the name was similar to Plaintiff's; but denied knowingly harming Plaintiff's business. (ECF No. 11-1.)  Plaintiff produced evidence establishing that Defendant ignored a cease and desist letter from Plaintiff, and provided the following email response:

> "No one is interested in your 'patent'! Besides, this website isn't even active on our advertising module, so relax and don't get bent out of shape. If you want to proceed with a lawsuit, the only thing you will accomplish is wasting money."

(ECF No. 11-1, ¶ 6.)  Plaintiff's unrebutted evidence establishes that (1) the plaintiff has a protectable interest in its name; (2) the defendant deliberately used an almost identical name; and (3) the company's business was damaged by Defendant's actions.  (*Id.* at ¶ 9.)

Plaintiff asserts that Landrum's "admissions regarding her ownership and maintenance of the Infringing Website are sufficient to support a finding of liability if Plaintiff can establish the remaining factors" (requirements for establishing a violation for trademark infringement and unfair competition under 15 U.S.C. § 1114 and 1125(a)).  (ECF No. 12, at 3.)  The Court finds that the undisputed facts presented in Plaintiff's Motion and supporting Affidavit (ECF No. 18-1) sufficiently support trademark infringement and unfair competition as alleged.

Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED**. The Court will consider evidence of the amount of damages, lost profits, attorneys' fees, and the nature and extent of injunctive relief requested at a hearing pursuant to 15 U.S.C. § 1116 at **9:00 a.m.** on **Wednesday, August 3, 2016**.

    **IT IS SO ORDERED.**

7-26-2016
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**